# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL LEE GORDON,

        Petitioner,    :    Case No. 2:15-cv-2680

                                Related Cases 2:01-cv-1166 & 2:97-cr-167

  - vs -                          District Judge Gregory L. Frost
                                 Magistrate Judge Michael R. Merz

UNITED STATES OF AMERICA,

                                :

        Respondent.

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

This matter is before the Court on Michael Lee Gordon's Motion to Reconsider the Magistrate Judge's earlier Order Striking Gordon's Motion Proceed *in forma pauperis* (ECF No. 4). In the Order Striking Motion, the Court found that Gordon was seeking relief from his convictions *United States v. Gordon*, 2:97-cr-167 and that District Judge Graham had ordered the Clerk to refuse all further filings in the case unless a filing fee was paid.

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

1

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

Gordon argues Judge Graham's Order is based on a manifest error of law and is contrary to Sixth Circuit precedent. He believes Judge Graham's Order is based on the three-strikes provision of the Prison Litigation Reform Act and cites Sixth Circuit law indicating that provision does not apply in habeas corpus (Motion, ECF No. 4, PageID 13, citing *Kincade v. Sparkman*, 117 F.3d 949, (6th Cir. 1997), which held the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)("PLRA") does not apply at all to habeas corpus cases or § 2255 motions, either in the district court or on appeal.

While the PLRA does not apply to habeas cases, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), passed at the same time, does apply to habeas and § 2255 cases. It prohibits the filing of a second or successive § 2255 motion without advance permission of the Sixth Circuit Court of Appeals. Gordon sought that permission which the court of appeals denied December 3, 2007; September 17, 2014 (ECF Nos. 349, 462 in Case No. 2:97-cr-167). Gordon previously filed § 2255 Motions in that case on December 28, 2000 (Doc. No. 210); November 27, 2001 (ECF No. 241); April 23, 2002 (ECF No. 254); September 17, 2003 (ECF No. 284); January 12, 2006 (ECF No. 306) and numerous other motions to the same effect. Judge Graham's Order is undoubtedly directed to Gordon's abusive and repetitive filings.

In any event, if Judge Graham's Order were in error, Gordon's remedy would have been by appeal from that Order or a request to Judge Graham to reconsider. The Magistrate's Order merely required the Clerk to obey Judge Graham's prior Order.

The Motion for Reconsideration is therefore DENIED. The Clerk shall file this Order in

all three of the above cases.  The Magistrate Judge notes that the Clerk accepted the instant Motion for filing despite Judge Graham's Order to the contrary.


August 27, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge
