# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

MICHAEL LEE GORDON,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 2:15-cv-2680 |
| | | | Related Cases 2:01-cv-1166 & 2:97-cr-167 |
| - vs - | | | District Judge Gregory L. Frost[1] |
| | | | Magistrate Judge Michael R. Merz |

UNITED STATES OF AMERICA,

                                                                 :

              Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This matter is before the Court on Michael Lee Gordon's Notice (ECF No. 11) in which he reports that he has paid the $5.00 filing fee in this case and asks the Court to "order the United States to respond as required by rule." *Id.* at PageID 28.

The docket as well as the receipt attached to the Notice confirms that Petitioner has paid the $5.00 filing fee associated with filing a petition for writ of habeas corpus (See docket notation for August 31, 2015, and PageID 30.)

When Gordon previously moved for leave to proceed *in forma pauperis,* the Magistrate Judge struck his application because it had been accepted for filing despite an order of Judge Graham that provided:

> The Clerk is DIRECTED to refuse further filings in this case
> without payment of the filing fee. Petitioner again is advised that

---

[1] Because Judge Frost has retired, the Clerk should reassign this case to a District Judge taking cases filed at Columbus.

1

> he may be subject to imposition of a fine for frivolous filings
> submitting the same claims for relief or further successive petitions
> filed without first obtaining authorization from the United States
> Court of Appeals.

(Order, ECF No. 465, Case No. 2:97-cr-167, PageID 907, quoted at ECF No. 3, PageID 9).

Although Gordon then paid the $5.00 filing fee, he also appealed to the Sixth Circuit from the

striking order.  That Court affirmed.  *Gordon v. United States,* Case No. 15-4005 (6th Cir. Sep. 2,

2016)(unreported, copy at ECF No. 9, PageID 22 et seq.)  The Mandate issued on October 25,

2016, returning jurisdiction to this Court (ECF No. 10).  Since Gordon paid the filing fee, the

case is now outside Judge Graham's Order quoted above.

The Petition purports to be filed under 28 U.S.C. § 2241.  Gordon acknowledges that a

federal prisoner must ordinarily seek habeas corpus relief from his conviction and sentence by

motion to vacate under 28 U.S.C. § 2255.  A habeas action may be brought under 28 U.S.C. §

2241 by a federal prisoner who cannot file a motion under § 2255 only if he can show actual

innocence.  Gordon claims he is actually innocent of the conduct for which he was convicted

because he "was never indicted, had presented to a jury and found guilty beyond a reasonable

doubt of violating 18 U.S.C. § 924(c)'s second or successive subsection."  (ECF No. 1-1, PageID

5-6).  By virtue of that fact, he asserts he falls within the standard of actual innocence set by the

Supreme Court in *Bousley v. United States,* 523 U.S. 614 (1998).  *Id.*  at PageID 6.

Gordon has not shown actual innocence within the meaning of *Bousley*.  The Supreme

Court has noted that "actual innocence means factual innocence, not mere legal insufficiency."

*Bousley v. United States*, 523 U.S. 614, 623 (1998).  Gordon has presented no new, reliable

evidence to show factual innocence; indeed, his Petition is accompanied by no evidence at all.

Instead, his argument for actual innocence seems to be based on a claim that his sentence was

enhanced under 18 U.S.C. § 924(c)(1)(C) because it was a second or successive conviction and

that determination was made by the trial judge instead of by a jury.  He asserts that the legal authority for this was *Harris v. United States,* 536 U.S. 545 (2002).  Gordon notes that *Harris* was overruled by *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), where the Court held that any fact that makes a defendant eligible for the mandatory minimum sentence for an offense is an "element" which must be submitted to the jury.

There are several flaws with Gordon's argument.  First of all, *Alleyne* does not undermine the *Almendarez-Torres* exception prior conviction exception to *Apprendi v. New Jersey*. *See United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013).

Second, *Alleyne,* even if it were textually applicable, is not to be applied retroactively. *Rogers v. United States*, 561 Fed. Appx. 440 (6th Cir. 2014); *United States v. Reyes*, 755 F.3d 210 (3rd Cir. 2014); *United States v. Redd*, 735 F.3d 91 (2nd Cir. 2013); *United States v. Hoon*, 2014 U.S. App. LEXIS 15408 (10th Cir. 2014); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013); *Simpson v. United States,* 721 F.3d 875 (7th Cir. 2013); *United States v. Taylor*, 2014 U.S. Dist. LEXIS 25218 (N.D. Ohio Feb. 27, 2014).  The Supreme Court has not made its holding in *Alleyne* retroactively applicable to cases on collateral review. *See In re Mazzio*, 756 F.3d 487 (6th Cir., 2014).

Third, Gordon seeks to bring his claim under 28 U.S.C. § 2241 rather than § 2255, arguing that the second or successive requirements applicable to § 2255 motions make it inadequate and ineffective and thus bring him within the § 2255 savings clause.  However, the Sixth Circuit has held that procedural bars like the statute of limitations or the successive motion bar do not make the § 2255 remedy ineffective or inadequate so as to come within the "savings clause" of § 2255.  *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin v. Perez,* 319 F.3d 799, 804 (6th Cir. 2003);*United States v. Peterman*, 249 F.3d 458 (6th Cir. 2001); *Charles v.*

*Chandler*, 180 F.3d 753 (6th Cir. 1999)(per curiam).

**Conclusion**


Based on the foregoing analysis, it is respectfully recommended that the Petition herein be DISMISSED WITH PREJDUICE.  The Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.


December 13, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).