IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL LEE GORDON,

                        CASE NO. 2:15-CV-2680
   Petitioner,        JUDGE JAMES L. GRAHAM
                        Magistrate Judge Michael R. Merz

   v.

UNITED STATES OF AMERICA,

   Respondent.

## OPINION AND ORDER

On December 13, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus be dismissed with prejudice, and that the Court certify that any appeal would be objectively frivolous and that Petitioner should not be permitted to proceed *in forma pauperis* on appeal.  (ECF No. 12.)   Petitioner has filed a *Response in Opposition* to the Magistrate Judge's *Report and Recommendation*.  (ECF No. 19.) Petitioner objects to the Magistrate Judge's recommendation of dismissal.  He again claims that he is actually innocent in view of *Alleyne v. United State*s, 570 U.S. --, 133 S.Ct. 2151 (2013)(holding that any fact that increases a mandatory minimum sentence for a crime must be found by a jury), and that he has properly brought such claim under 28 U.S.C. § 2241 rather than § 2255 under the "savings clause."

> Habeas corpus is available to challenge the legality of a federal prisoner's detention pursuant to § 2241 only if the petitioner can show that "the remedy by motion [pursuant to 28 U.S.C. § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *Charles*, 180 F.3d at 756. This phrase is known as the savings clause. *Charles*, 180 F.3d at 755.

*Bannerman v. Snyder*, 325 F.3d 722, 723 (6th Cir. 2003).  However, "*Alleyne* neither supports Petitioner's claim of 'actual innocence,' nor does that decision aid him in demonstrating that his

remedy under 2255 was inadequate or ineffective." *Carter v. Coakley*, No. 4:13-cv-1270, 2013 WL 3365139, at *3 (N.D. Ohio July 3, 2013)(*Alleyne* is a sentencing-error case that does not serve as a basis for a claim of actual innocence)(citing *Bannerman v. Snyder*, 325 F.3d 722, 724 (2003)(internal citation omitted). Further, as noted by the Magistrate Judge, the United States Court of Appeals for the Sixth Circuit has held that *Alleyne* is not to be retroactively applied to cases on collateral review. *In re Mazzio*, 756 F.3d 487 (6th Cir. 2014).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the foregoing reasons and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections (ECF No. 19) are **OVERRULED**. The *Report and Recommendation* (ECF No. 12) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED WITH PREJUDICE.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and Petitioner should not be permitted to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

February 24, 2017

                                                            s/James L. Graham
                                                         JAMES L. GRAHAM
                                                         United States District Judge